LYDIA PORTER, Respondent, *v.* HENRY A. BARLING and JOHN McKEE, Appellant.

The Supreme Court will not review a judgment entered on the report of a referee if no objection was made to the report in the Court below.

Errors in the report of a referee must be taken advantage of by written objections to entering judgment on it, or by a motion for a new trial.

APPEAL from the District Court of the Fourth Judicial District.

The respondent filed her complaint against the appellants, stating, that in December, 1850, the defendants sold her a quantity of merchandise, and the frame, lumber, and materials for a house, for $850, and agreed to deliver the same to the plaintiff when requested; that the plaintiff paid the defendants the $850 at the time of the sale; and that the defendants neglected and refused to deliver the frame, lumber, and materials, but on the contrary, in January, 1851, sold and disposed of, or otherwise converted the same to their own use: to the damage of the plaintiff $800, for which sum she prayed judgment.

The defendants answered, denying the complaint. By consent of parties the cause was referred to a referee, "to report an account between the parties, and to give his conclusions." The referee made a report, stating, that from the evidence adduced, he found that the plaintiff purchased of the defendants, in December, 1850, a quantity of furniture and lumber: that the plaintiff received the furniture; but that eleven thousand feet of lumber, worth $35 per thousand, was not received by the plaintiff, but was landed from a vessel and deposited on North Beach, and afterwards disposed of by the defendants; and therefore the referee found that the defendants were indebted to the plaintiff $385.

The plaintiff filed the report: and on her motion the same was confirmed, and final judgment rendered for the plaintiff for the sum reported, and costs; from which judgment the defendants appealed.

A case, or statement of facts agreed to by the counsel for the

parties was annexed to the record.   It consisted merely of the minutes made by the referee of the evidence adduced before him, and the various objections, &c., of the parties on the hearing before the referee.   From this statement, it seems that the lumber and other articles were on board a vessel, and sold according to a bill of lading, having been abandoned by the consignee; and that the defendants insisted, before the referee, that they were acting merely as agents in the transaction.   There was a large mass of evidence; but as the Court declined passing on the merits of the case, it is unnecessary to state it.

*S. A. Sheppard,* for the appellants, cited Story's Agen. p. 318; Paley's Agen. 304; 2 Greenl. Ev., sec. 106; Steph. Pl. 296–300.

*A. Wells* and *E. Cook,* for the respondent, cited Stats. 1850, p. 80; Griswold *v.* Sharp, in this Court.

Justice MURRAY delivered the opinion of the Court.   This is an appeal from the judgment of the Court below, entered upon the report of a referee.   The record does not disclose any objections taken to the report before the Court below.   The appellants should have filed their grounds of objection, so as to enable the District Court to correct the error if any existed.

The report of a referee should be taken advantage of by filing written objections to the entry of judgment thereon, or by a motion for a new trial, setting forth the grounds of the alleged error.

Judgment of the Court below affirmed.